Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

FILED
2025 FEB 21  AM 10:01
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH, JR., <br><br>Plaintiff, <br><br>vs. <br><br>RADIUS GLOBAL SOLUTIONS, LLC, <br><br>Defendant. | CASE NO.: <br>2:25-CV-01481-DMG(JDEx) <br><br>**COMPLAINT, NOTICE OF RIGHTS** |

## INTRODUCTION

1. I, Artis-Ray: Cash Jr., hereinafter referred to as "Plaintiff", brings this civil action for actual, punitive, and statutory damages and cost, against Radius Global Solutions, LLC, hereinafter referred to as "Defendant" for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

2. Plaintiff also brings this action under the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785 et seq., and the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788 et seq., for Defendant's unauthorized access to Plaintiff's consumer credit report and unfair debt collection practices. Additionally, Plaintiff asserts claims under California's constitutional right to privacy

1

**COMPLAINT, NOTICE OF RIGHTS**

and California Penal Code § 502 for Defendant's unlawful intrusion into Plaintiff's personal financial data.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq.*

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C.§ 1391(b)(2) being that the Plaintiff resides here, Defendants transacts business here, and a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim occurred in this judicial district.

5. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as these claims arise from the same set of facts and circumstances as the federal claims asserted herein.

6. This Court also has jurisdiction pursuant to Cal. Civ. Code §§ 1785.31 and 1788.30, which allow actions to be brought in state or federal courts in California when violations of the CCRAA or RFDCPA occur within the state.

7. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

8. Plaintiff Artis-Ray: Cash Jr. is a natural person and consumer, as defined under 15 U.S.C. § 1681a(c), residing in Los Angeles, California.

**COMPLAINT, NOTICE OF RIGHTS**

9. Upon information and belief, Radius Global Solutions, LLC is a Minnesota Limited Liability Company.

10. Defendant is a furnisher.

11. The acts of the Defendant as described in this Complaint were performed by the Defendant or on the Defendant's behalf by its owners, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

**FACTS**

12. On or about January 22, 2025, Plaintiff reviewed his TransUnion consumer report file # 442128337.

13. In the report the Plaintiff observed an unauthorized inquiry from the Defendant Radius Global Solutions, LLC.

14. Defendant Radius Global Solutions, LLC unauthorized inquiry was made on 10/21/2024, see Exhibit A.

15. Plaintiff never initiated any consumer credit transaction, account relationship, or contract with Defendant and never consented to their accessing his consumer report.

16. Defendant lacked a permissible purpose under the FCRA for obtaining Plaintiff's consumer report.

17. Under 15 U.S.C. § 1681b(a)(3), a consumer report may be obtained only for certain

permissible purposes, including in connection with a credit transaction involving the consumer and the collection of an "account" as defined under the FCRA.

18. The FCRA incorporates the definition of "account" from the Electronic Funds Transfer Act, 15 U.S.C. § 1693a(2), which refers to a demand deposit, savings deposit, or other asset account established for personal, family, or household purposes.

19. Defendant's actions did not meet this definition. There was no account between Plaintiff and Defendant that could be considered an "account" under 15 U.S.C. § 1693a(2).

20. Defendants' unauthorized access to Plaintiff's credit report violated Plaintiff's right to privacy and caused emotional distress, anxiety, and a sense of vulnerability.

**PLAINTIFF'S DAMAGES**

21. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

22. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendant unauthorized access of his credit report.

23. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of his privacy. This intrusion into the Plaintiff's personal information has caused a feeling of vulnerability, worry, and anxiety, which lead to sleeplessness and headaches.

24. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over the invasion of his privacy.

25. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered loss of

time into research and learning to fend against the Defendant's invasion of privacy.

26. Plaintiff's injury is directly traceable to Defendant's conduct because if it weren't for the Defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the Defendant's actions.

27. Defendant's conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from the Defendant's conduct.

28. Plaintiff justifiably fears that, absent this court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts and invade consumers privacy by continuing to access consumers information without permissible purpose.

29. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

30. A favorable decision herein would redress Plaintiff's injury with money damages.

31. A favorable decision herein would serve to deter Defendant from further similar conduct.

## COUNT 1 – VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681b(f) DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC

32. All preceding paragraphs are realleged.

33. This action is timely and falls within the statute of limitations in accordance with 15 U.S.C. § 1681p: (1) 2 years after the date of discovery by the Plaintiff of the violation. (2) 5 years after the date on which the violation that is the basis for such liability occurs.

34. The Defendant's actions violated 15 U.S.C. § 1681b(f). Permissible Purpose.

35. The Defendant's violations include but are not limited to the following:

    (a) The Defendant violated 15 U.S.C. § 1681b(f) by failing to have permissible purpose to obtain Plaintiff's consumer report pursuant to 15 U.S.C. § 1681b.

    (b) The Defendant did not have a court order to obtain Plaintiff's consumer report.

    (c) Plaintiff never gave written permission for the Defendant to obtain his consumer report.

    (d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C. § 1693a(2), with the Defendant.

    (e) Pursuant to the Electronic Funds Transfer Act 15 U.S.C. § 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or accidental credit balance in an open end credit plan as defined in section 1602(i)1 of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

    (f) The Defendant does not have an account with the Plaintiff according to the definition above.

36. Defendant's purpose for accessing the report did not involve the collection of an "account" as required by 15 U.S.C. § 1681b(a)(3)(A) and defined by 15 U.S.C. § 1693a(2).

37. As a result of this conduct, Plaintiff suffered damage of invasion of privacy which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

38. As a result of the Defendant's violations of the Fair Credit Reporting Act, the Defendant is liable under 15 U.S.C. § 1681n(a)(1)(B) for damages of $1000 per violation and 15 U.S.C. § 1681n(a)(2).

**COMPLAINT, NOTICE OF RIGHTS**

**COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692E(10) DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC**

39. All preceding paragraphs are realleged.

40. 15 U.S.C. § 1692e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

41. By pulling Plaintiff's consumer credit report without a permissible purpose, the Defendant used a false representation or deceptive means to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

42. As a result of this conduct, Plaintiff suffered damages of invasion of privacy, which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

43. As a result of the Defendant's violations of the Fair Debt Collection Practices Act, the Defendant is liable under 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. § 1692k(a)(2)(A) for damages of up to $1000.

**COUNT III – VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CCRAA) – CAL. CIV. CODE § 1785.11(a) DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC**

44. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

45. The California Consumer Credit Reporting Agencies Act (CCRAA) prohibits any person from obtaining a consumer credit report unless they have a permissible purpose under Cal. Civ. Code § 1785.11.

46. Defendant obtained Plaintiff's consumer report without a permissible purpose, in

violation of Cal. Civ. Code § 1785.11(a).

47. As a result, Plaintiff suffered damages including emotional distress, loss of sleep, and an invasion of privacy.

48. Defendant's violations were willful and entitle Plaintiff to statutory damages up to $5,000 per violation under Cal. Civ. Code § 1785.31(a)(2)(B), as well as attorney's fees and punitive damages.

## COUNT IV – VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) – CAL. CIV. CODE § 1788 et seq. DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC

49. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

50. Defendant is a "debt collector" under Cal. Civ. Code § 1788.2(c) and engaged in unlawful debt collection practices.

51. By obtaining Plaintiff's consumer credit report without a permissible purpose and misleadingly implying a right to do so, Defendant violated Cal. Civ. Code § 1788.17, which incorporates the FDCPA's prohibition against deceptive collection practices (15 U.S.C. § 1692e(10)).

52. Plaintiff suffered emotional distress, anxiety, and loss of time as a direct result of Defendant's unlawful actions.

53. Defendant is liable to Plaintiff for statutory damages up to $1,000 per violation under Cal. Civ. Code § 1788.30(b), as well as actual damages and attorney's fees.

## COUNT V – INVASION OF PRIVACY – CALIFORNIA CONSTITUTION, ARTICLE I, SECTION 1 DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC

54. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

55. The California Constitution guarantees all individuals the right to privacy.

56. By unlawfully obtaining Plaintiff's consumer credit report, Defendant intentionally intruded into Plaintiff's private financial affairs.

57. This intrusion was highly offensive and unjustified, causing Plaintiff significant emotional distress.

58. Defendant's actions constitute a violation of Plaintiff's constitutional right to privacy, entitling Plaintiff to compensatory and punitive damages.

## COUNT VI – VIOLATION OF CALIFORNIA COMPUTER FRAUD AND DATA ACCESS LAW – CAL. PENAL CODE § 502 DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC

59. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

60. California Penal Code § 502 prohibits unauthorized access to electronically stored data, including credit reports.

61. Defendant accessed Plaintiff's consumer report without authorization or a permissible purpose, in violation of Cal. Penal Code § 502(c).

62. Plaintiff suffered economic and emotional harm as a direct result of Defendant's

**COMPLAINT, NOTICE OF RIGHTS**

unauthorized access.

63. Plaintiff is entitled to compensatory damages, punitive damages, and injunctive relief under Cal. Penal Code § 502(e)(1).

**PRAYER FOR RELIEF**

64. Wherefore, Plaintiff Artis-Ray: Cash Jr., respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendant for:

A. Actual damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1692k(a)(1).

B. Statutory damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1692k(a)(2)(A).

C. Punitive damages under 15 U.S.C. § 1681n(a)(2).

D. Grant such other relief as the Court deems just and proper.

E. Statutory damages under Cal. Civ. Code § 1785.31(a)(2)(B) for violations of the CCRAA.

F. Statutory damages under Cal. Civ. Code § 1788.30(b) for violations of the RFDCPA.

G. Punitive damages and equitable relief under the California Constitution for invasion of privacy.

H. Damages and injunctive relief under Cal. Penal Code § 502(e)(1).

Dated: 02/21/2025

*Artis Ray Cash Jr.*
Artis-Ray: Cash Jr.
IN PRO PER

10
**COMPLAINT, NOTICE OF RIGHTS**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: 02/21/2025

*Artis Ray Cash Jr.*
Artis-Ray: Cash Jr.
IN PRO PER

# NOTICE

To whomever it may concern, this document is tangible proof and evidence beyond reasonable doubt that I Artis Ray Cash Jr., am fully aware of the bill of rights, my civil rights, my constitutional rights and above all my natural rights as a Human being. I deem any and all contracts connected to me null and void. Meaning that if at any time in the past I inadvertently waived my rights, surrendered my rights, or in any way lessened my status through a contract, it would be a nullity as such would have been done without full disclosure, clean hands, good faith, and fair business practices. I am fully responsible and liable. I overstand that I am the Grantor and Beneficiary of ALL my proceedings whether they be legal, lawful, unlawful or civil. I demand that no-one presume that I am anything other than what I officially claim to be. ANY and all persons, corporations, organizations and government agencies who violate any single one of these rights are required to pay me in the USD amount of whatever I deem necessary. You are hereby bound to Inform all of your superiors and subordinates who may have future interactions with me or my person. If there is something you do not understand clearly, it is incumbent on you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this document as per your duties and obligations in respect to this private formal instrument. Please write to me back with any questions, comments or concerns you may have. You have 21 days to reply. Acquiesce applies. During the signing of this document I hereby testify this binding and unbreakable in the presence of God and Men.

Sincerely,

*Artis Ray Cash Jr.*

**COMPLAINT, NOTICE OF RIGHTS**

EXHIBIT A

Name
----------------------------------------

----------------------------------------

----------------------------------------

**RADIUS GLOBAL SOLUTIONS**

Location
7831 GLENROY RD
SUITE 145
EDINA, MN 55439

Requested On
10/21/2024

Phone
(866) 720-0820
----------------------------------------

----------------------------------------

----------------------------------------