James K. Schultz, Esq. (SBN 309945)
Tuan Van Uong, Esq. (SBN 272447)
SESSIONS ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle North, Suite 260
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   877/334-0661
jschultz@sessions.legal
tuong@sessions.legal

Attorneys for Defendant
Radius Global Solutions, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTIS-RAY CASH, JR., | Case No.: 2:25-cv-01481-DMG-JDE |
| Plaintiff, | **DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(A)** |
| vs. | |
| RADIUS GLOBAL SOLUTIONS, LLC, | |
| Defendant. | **Date: August 15, 2025**<br>**Time: 9:30 a.m.**<br>**Courtroom: 8C, 8th Floor** |

---

1

Notice of Motion and Motion to Dismiss; Memorandum of Points & Authorities in Support

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 15, 2025 at 9:30 a.m., or as soon thereafter as may be heard in Courtroom 8C in the United States District Court, located at, 350 West 1st Street, Los Angeles, California 90012, before the Honorable Dolly M. Gee, Defendant Radius Global Solutions, LLC ("Defendant" or "RGS"), by and through its undersigned attorneys, will and hereby does move this Court, pursuant to 28 U.S.C. § 1915(e)(2)(A), for an Order dismissing Plaintiff Artis-Ray Cash Jr.'s ("Plaintiff") Complaint with prejudice (the "Motion").

This Motion is made on the grounds that Plaintiff's allegation of poverty in his request to proceed *in forma pauperis* was untrue and made in bad faith.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Tuan V. Uong and all exhibits thereto, all of the pleadings, records and files herein, those matters of which the Court may take judicial notice, and upon such other oral and documentary evidence as may be presented in connection with this Motion.

### Local Rule 7-3 Certification

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on or about May 7, 2025.

Dated: 6/5/25                                  SESSIONS, ISRAEL & SHARTLE, L.L.P.

*/s/ Tuan Van Uong*
Tuan Van Uong
Attorney for Defendant
Radius Global Solutions, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

On February 21, 2025, Plaintiff Artis-Ray Cash, Jr. ("Plaintiff") initiated this lawsuit against Defendant Radius Global Solutions, LLC ("RGS"), claiming that RGS lacked a permissible purpose to access his credit report.[1] As part of the lawsuit, Plaintiff filed a request to proceed *in forma pauperis* ("IFP") due to alleged poverty status. Based on Plaintiff's representations to this Court (Dkt. No. 2), the Court granted his application (Dkt. 7). Plaintiff misled the Court.

Plaintiff's representations to this Court were untruthful and made in bad faith. Plaintiff is a serial litigant who has filed over twenty actions in this district alone and has repeatedly failed to disclose income from his numerous settlements in his IFP applications. To understand Plaintiff's scheme, the Court need not look much further than the recent order from Judge John W. Holcomb, who granted the same motion that is being brought now before this Court by RGS, in the matter of *Artist-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, United States District Court, Central District of California, Case No. 8:25-cv-00165-JWH-ADSx. There, Judge Holcomb found Plaintiff to be a "serial litigant," that Plaintiff failed to disclose income from his settlements in his IFP application, and further concluded that Plaintiff likely "deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees." *Id.*, at Dkt. No. 29.

The same is true in this case. Plaintiff's IFP application before this Court is virtually identical to the false representations Plaintiff made in his IFP application to Judge Holcomb, which resulted in a dismissal with prejudice. *Id.* There is no reason

---

[1] While not pertinent to the present motion, RGS contends that it had a lawful and permissible purpose to review Plaintiff's credit report in connection with an attempt to collect a debt. *See Jones v. Best Serv. Co.*, 700 F. App'x 580, 581 (9th Cir. 2017) ("[T]he district court properly dismissed [plaintiff's] FCRA claim because [plaintiff] failed to allege that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA.").

why this Court should not also dismiss Plaintiff's lawsuit with prejudice in this matter as well. Indeed, the Court should do so to deter future abuse of the judicial system.

At bottom, Plaintiff's concealment of these settlements constitutes bad faith and an abuse of the *in forma pauperis* privilege. Pursuant to 28 U.S.C. § 1915(e)(2)(A), the appropriate remedy is dismissal of the Complaint with prejudice.

## II.     Legal Standard

"To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965). The *in forma pauperis* ("IFP") statute requires dismissal of a case "at any time if the court determines that . . . the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A); *see also Roberts v. Beard,* No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019).

"To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required . . . ." *Roberts,* 2019 WL 3532183 at *3; *quoting Escobedo v. Applebees,* 787 F.3d 1226, 1235 n.8 (9th Cir. 2015). Bad faith "'includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees . . . .'" *Roberts,* 2019 WL 3532183 at *3-4 (dismissing complaint with prejudice because the plaintiff concealed settlement proceeds); *quoting Vann v. Comm'r of N.Y.C. Dep't of Corr.,* 496 F. App'x 113, 115 (2d Cir. 2012).

Indeed, "courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; *i.e.*, where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee,* No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, *3-4 (E.D. Cal. May 15, 2020), *report and recommendation adopted,* 2020 WL 4350094 (E.D. Cal. July 29, 2020); *see also Vann,* 496 F. App'x at 115 (holding that, "dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma pauperis* status.").

When determining if a plaintiff acted in bad faith, "a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Vann,* 496 F. App'x at 115; *see also Roberts,* 2019 WL 3532183 at *4.

### III. Legal Argument

#### A. Plaintiff Concealed Numerous Settlements on His IFP Application

It is without exaggeration that Plaintiff is a serial litigant. Plaintiff has filed at least twenty-two lawsuits in this district alone.[2] Declaration of Tuan V. Uong ("Uong Decl."), ¶ 2. Except for two cases, Plaintiff filed IFP applications claiming poverty. *Id.* at ¶¶ 2- 3.

Based on PACER, at least four of these lawsuits resulted in settlements. *Id.* at ¶¶ 4-5, 11, 15.. Plaintiff reached one of his most recent settlements on or before January 27, 2025, in the matter of *Cash v. Maximus, Inc.*, Case No. 24-cv-09094, and another settlement on or before February 4, 2025, in the matter of *Cash v. Vervent, Inc.*, Case No. 24-cv-10359. *Id.* at ¶¶ 11, 15. On or before July 22, 2024, Plaintiff also reached settlement in the matter of *Cash v. Midland Credit Management, Inc., et al.*, Case No. 23-cv-10126, a case in which he demanded $2,000,000 in damages. *Id.* at ¶ 5. Another settlement was reached on February 13, 2024, in the matter of *Artis-Ray Cash v. Experian Information Solutions*, Inc., Case No. 2:23-cv-06688-FMO-JC. *Id.* at ¶ 4.

Plaintiff filed the present case on February 21, 2025. Dkt. No. 1. Despite numerous filed cases and several recent settlements, Plaintiff failed to disclose any settlement proceeds in his IFP application before this Court. Dkt. No. 2. Question 2 of

---

[2] The Court can take judicial notice of these public filings pursuant to Federal Rule of Evidence 201, which provides that, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE Rule 201; *see also Lee v. City of Los Angeles,* 250 F. 3d 668, 689 (9th Cir. 2001) (taking judicial notice of documents of undisputed matters of public record); *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n. 2 (9th Cir. 2022) (taking judicial notice of documents on file in federal or state courts).

the IFP application asks, "Have you received, within the past twelve months, any money from any of the following sources?", and lists sources of money, including a catchall provision for "[a]ny other income (other than listed above)." *Id.* Plaintiff checked "no" for all sources. *Id.* Moreover, Plaintiff declared under penalty of perjury that the responses he made were true, correct and complete. *Id.*

Plaintiff's IFP application, thus, required Plaintiff to disclose the settlement proceeds he received in the twelve months leading up to his filing of the IFP application. However, he failed to do so. Instead, Plaintiff concealed crucial information that was necessary for the Court to make an accurate assessment of his eligibility for relief under the IFP statute. Plaintiff's intentional efforts at concealment cannot be countenance.

### B.    Plaintiff's Concealment of His Settlements Was in Bad Faith

This is not Plaintiff's first offense. Plaintiff is an experienced litigant who has filed twenty-two actions in this district. Uong Decl., at ¶ 2. Plaintiff filed nineteen cases between August 2023 and February 2025. *Id.* Out of the twenty cases in which Plaintiff requested IFP status (including this case), fifteen were granted and five were denied. *Id.* at ¶¶ 4-23. In at least one case, the court denied Plaintiff's IFP application, finding that Plaintiff had the ability to pay. *Id.* at ¶ 6.

Most recently, Judge Holcomb dismissed Plaintiff's lawsuit with prejudice based on the same motion being brought before this Court in the matter of *Artist-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, United States District Court, Central District of California, Case No. 8:25-cv-00165-JWH-ADSx, Dkt. No. 29; Uong Decl., ¶ 23; Exh. A. There, Judge Holcomb found Plaintiff to be a "serial litigant," that Plaintiff failed to disclose income from his settlements in his IFP application, and further concluded that Plaintiff likely "deliberately concealed his

prior settlement income in order to gain access to this Court without prepayment of filing fees."³ *Id.*

Plaintiff's extensive history of prosecuting claims, with cases filed in quick and methodical succession, demonstrates a sophisticated and calculated litigant. Plaintiff displays a pattern of familiarity and sophistication with court methods and procedures. As such, Plaintiff's failure to disclose settlements on his IFP application was no accident, but rather, constitutes bad faith. *See Roberts,* 2019 WL 3532183, at *3 (rejecting the plaintiff's claim that omission of a settlement was an oversight based on the plaintiff's extensive litigation history and familiarity with the IFP process). Indeed, this is not the first time Plaintiff has misled this Court. Plaintiff also previously requested and was granted IFP status with this Court in the matter of *Artis-Ray Cash, Jr. v. Vervent, Inc.*, Case No. 2:24-cv-10359-DMG-BFM, which resulted in a settlement that was not disclosed to this Court. Uong Decl., at ¶ 15.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice outright to deter future and continuing abuse of the judicial process.

## IV. Conclusion

For the above reasons, Plaintiff's Complaint should be dismissed with prejudice.

Dated: 6/5/2025                SESSIONS, ISRAEL & SHARTLE, L.L.P.

*/s/ Tuan Van Uong*
Tuan Van Uong
Attorney for Defendant
Radius Global Solutions, LLC

---

³ On May 9, 2025, Plaintiff file a motion under FRCP Rule 60. Dkt. No. 31. The court has not yet ruled on the motion. Uong Decl., ¶ 23.