James K. Schultz, Esq. (SBN 309945)
Tuan Van Uong, Esq. (SBN 272447)
SESSIONS ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle North, Suite 260
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  877/334-0661
jschultz@sessions.legal
tuong@sessions.legal

Attorneys for Defendant
Radius Global Solutions, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY CASH, JR., | Case No.: 2:25-cv-01481-DMG-JDE |
| Plaintiff, | **DECLARATION OF TUAN VAN UONG IN SUPPORT OF DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC'S MOTION TO DISMISS PLAINTFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(A)** |
| vs. | |
| RADIUS GLOBAL SOLUTIONS, LLC, | |
| Defendant. | **Date: August 15, 2025**<br>**Time: 9:30 a.m.**<br>**Courtroom: 8C, 8th Floor** |

1

I, Tuan Van Uong, declare as follows:

1. I am counsel of record in this matter for Defendant Radius Global Solutions, LLC ("RGS"). I make this declaration in support of RGS' Motion to Dismiss. The statements made herein are made based on my personal knowledge or information available to me. If needed, I can testify as to the statements asserted herein.

2. I have reviewed the United States District Court for the Central District of California's Electronic Case Filing System and have identified the following twenty-two actions filed by Plaintiff in this district:

 i. *Artis Cash v. First Collection Services et al.,* Case No. 2:19-cv-09416-SVW-E, filed on November 1, 2019.

 ii. *Artis Cash v. Experian Information Solutions, Inc., et al.,* Case No. 2:21-cv-03672-RGK-SHK, filed on April 29, 2021.

 iii. *Artis-Ray Cash v. Experian Information Solutions, Inc.,* Case No. 2:23-cv-06688-FMO-JC, filed on August 15, 2023.

 iv. *Artis-Ray Cash, Jr. v. Midland Credit Management, Inc. et al.,* Case No. 2:23-cv-10126-HDV-SSC, filed on December 1, 2023.

 v. *Artis-Ray Cash Jr. v. Caesars Entertainment, Inc.,* Case No. 2:23-cv-10570-JFW-PVC, filed on December 18, 2023.

 vi. *Artis-Ray Cash Jr. v. Phillips & Cohen Associates Ltd.,* Case No. 2:24-cv-00012-HDV-MAR, filed on January 2, 2024.

 vii. *Artis-Ray Cash v. L VNV Funding LLC et al.,* Case No. 2:24-cv-00474-MRA-E, filed on January 18, 2024.

 viii. *Artis-Ray Cash Jr. v. Credit Control, LLC et al.,* Case No. 2:24-cv-08447-AH-E, filed on October 1, 2024.

 ix. *Artis-Ray Cash v. Absolute Resolutions Investments LLC,* Case No. 2:24-cv-09093-SRM-MAA, filed on October 22, 2024.

x. *Artis-Ray Cash v. Maximus, INC.,* Case No. 2:24-cv-09094-RGK-AS, filed on October 22, 2024.

xi. *Artis-Ray Cash, Jr. v. Cavalry Portfolio Services, LLC,* Case No. 2:24-cv-09738-SRM-E, filed on November 12, 2024.

xii. *Artis-Ray Cash Jr v. Diverse Funding Associates, LLC,* Case No. 2:24-cv-10354-WLH-SK, filed on December 2, 2024.

xiii. *Artis-Ray Cash Jr. v. Velocity Portfolio Group, INC.,* Case No. 2:24-cv-10357-JFW-MAA, filed on December 2, 2024.

xiv. *Artis-Ray Cash, Jr. v. Vervent, Inc.,* Case No. 2:24-cv-10359-DMG-BFM, filed on December 2, 2024.

xv. *Artis-Ray Cash Jr v. Resurgent Capital Services, L.P.,* Case No. 2:24-cv-10356-ODW-SK, filed on December 2, 2024.

xvi. *Artis-Ray Cash Jr. v. Shelter Mutual Insurance Company,* Case No. 2:24-cv-10355-FMO-JPR, filed on December 2, 2024.

xvii. *Artis-Ray Cash v. Convergent Outsourcing, Inc.,* Case No. 2:25-cv-00663-AB-PD, filed on January 24, 2025.

xviii. *Artis-Ray Cash Jr. v. Housing Authority of the City of Los Angeles (HACLA) et al.,* Case No. 2:25-cv-00962-WLH-DFM, filed on February 4, 2025.

xix. *Artis-Ray Cash Jr v. Trans Union, LLC et al.,* Case No. 2:25-cv-00961-RGK-DFM, filed on February 4, 2025.

xx. *Artis-Ray Cash, Jr. v. Radius Global Solutions, LLC,* Case No. 2:25-cv-01481-DMG-JDE, filed on February 21, 2025.

xxi. *Artis-Ray Cash Jr. v. Penn Credit Corporation,* Case No. 2:25-cv-01483-MWF-AS, filed on February 21, 2025.

xxii. *Artist-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, Case No. 8:25-cv-00165-JWH-ADSx, filed on January 29, 2025.

3. Plaintiff did not file an *in forma pauperis* ("IFP") application in either *Artis Cash v. First Collection Services*, Case No. 2:19-cv-09416-SVW-E, or *Artis Cash v. Experian Information Solutions, Inc.*, Case No. 2:21-cv-03672-RGK-SHK.

4. In *Artis-Ray Cash v. Experian,* Case No. 2:23-cv-06688-FMO-JC, Plaintiff requested and was granted IFP status. Dkt. Nos. 3, 7. Plaintiff reached a settlement in this action on or before February 13, 2024. Dkt. No. 25.

5. Plaintiff's complaint in *Artis-Ray Cash, Jr. v. Midland Credit Management, Inc. et al.*, Case No. 2:23-cv-10126-HDV-SSC, demanded $2,000,000. Dkt. No. 1. Plaintiff requested and was granted IFP status. Dkt. Nos. 3, 8. Plaintiff reached a settlement in this action on or before July 22, 2024. Dkt. No. 33.

6. In *Artis-Ray Cash Jr. v. Caesers Entertainment, Inc.,* Case No. 2:23-cv-10570-JFW-PVC, Plaintiff requested IFP status. Dkt. No. 3. The court initially postponed ruling on the request because of inconsistencies in the information Plaintiff provided. Dkt. No. 8. After Plaintiff provided additional information, the court denied IFP status, finding Plaintiff "is able to pay the filings fees." Dkt. No. 12.

7. In *Artis-Ray Cash Jr. v. Phillips & Cohen Associates Ltd.,* Case No. 2:24-cv-00012-HDV-MAR, Plaintiff requested but was denied IFP status because the Court found, *sua sponte,* that Plaintiff failed to state a claim. Dkt. Nos. 3, 9.

8. In *Artis-Ray Cash v. LVNV Funding LLC et al.,* Case No. 2:24-cv-00474-MRA-E, Plaintiff requested but was denied IFP status because the Court found, *sua sponte,* that Plaintiff failed to state a claim. Dkt. Nos. 2, 9.

9. In *Artis-Ray Cash Jr. v. Credit Control, LLC et al.,* Case No. 2:24-cv-08447-AH-E, Plaintiff requested and was granted IFP status. Dkt. Nos. 3, 9.

Declaration of Tuan V. Uong in Support of Defendant's Motion to Dismiss

10. In *Artis-Ray Cash v. Absolute Resolutions Investments LLC,* Case No. 2:24-cv-09093-SRM-MAA, Plaintiff requested and originally was denied IFP status. Dkt. Nos. 2, 9. The court subsequently granted a motion for reconsideration, vacated its prior decision, and granted IFP status. Dkt. No. 11.

11. In *Artis-Ray Cash v. Maximus, INC.,* Case No. 2:24-cv-09094-RGK-AS, Plaintiff requested and was granted IFP status. Dkt. Nos. 2, 8. Plaintiff reached a settlement in this action on or before January 27, 2025. Dkt. No. 15.

12. In *Artis-Ray Cash, Jr. v. Cavalry Portfolio Services, LLC,* Case No. 2:24-cv-09738-SRM-E, Plaintiff requested and was granted IFP status. Dkt. Nos. 3, 9.

13. In *Artis-Ray Cash Jr v. Diverse Funding Associates, LLC,* Case No. 2:24-cv-10354-WLH-SK, Plaintiff requested and originally was denied IFP status. Dkt. Nos. 3, 9. The court subsequently granted a motion for reconsideration, vacated its prior decision, and granted IFP status. Dkt. No. 11.

14. In *Artis-Ray Cash Jr. v. Velocity Portfolio Group, INC.,* Case No. 2:24-cv-10357-JFW-MAA, Plaintiff requested and originally was denied IFP status. Dkt. Nos. 3, 9. The court subsequently granted a motion for reconsideration, vacated its prior decision, and granted IFP status. Dkt. No. 11.

15. In *Artis-Ray Cash, Jr. v. Vervent, Inc.,* Case No. 2:24-cv-10359-DMG-BFM, Plaintiff requested and was granted IFP status. Dkt. Nos. 3, 7. Plaintiff reached a settlement in this action on or before February 4, 2025. Dkt. No. 8.

16. In *Artis-Ray Cash Jr v. Resurgent Capital Services, L.P.,* Case No. 2:24-cv-10356-ODW-SK, Plaintiff requested and originally was denied IFP status. Dkt. Nos. 2, 7. The court subsequently granted a motion for reconsideration, vacated its prior decision, and granted IFP status. Dkt. No. 9.

17. In *Artis-Ray Cash Jr. v. Shelter Mutual Insurance Company,* Case No. 2:24-cv-10355-FMO-JPR, Plaintiff requested and was granted IFP status. Dkt. Nos. 3, 7.

18. In *Artis-Ray Cash v. Convergent Outsourcing, Inc.,* Case No. 2:25-cv-00663-AB-PD, Plaintiff requested IFP status. Dkt. No. 2. On January 24, 2025, the Court ordered Plaintiff file an amended complaint before it determined the IFP application. Dkt. No. 8. On May 6, 2025, the court determined that the deficiencies in the complaint could not be cured, and therefore, denied the IFP application and dismissed the case. Dkt. No. 10.

19. In *Artis-Ray Cash Jr. v. Housing Authority of the City of Los Angeles (HACLA) et al.,* Case No. 2:25-cv-00962-WLH-DFM, Plaintiff requested and was denied IFP status because the court, *sua sponte,* determined that it lacked subject matter jurisdiction over the action. Dkt. Nos. 3, 7.

20. In *Artis-Ray Cash Jr v. Trans Union, LLC et al.,* Case No. 2:25-cv-00961-RGK-DFM, Plaintiff requested and was granted IFP status. Dkt. Nos. 2, 8.

21. In *Artis-Ray Cash, Jr. v. Radius Global Solutions, LLC,* Case No. 2:25-cv-01481-DMG-JDE, Plaintiff requested and was granted IFP status. Dkt. Nos. 2, 7.

22. In *Artis-Ray Cash Jr. v. Penn Credit Corporation,* Case No. 2:25-cv-01483-MWF-AS, Plaintiff requested and was granted IFP status. Dkt. Nos. 2, 7.

23. In *Artist-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, Case No. 8:25-cv-00165-JWH-ADSx, Plaintiff requested and was granted IFP status. Dkt. Nos. 2, 7. However, on a subsequent Motion to Dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A), Judge John W. Holcomb granted the motion and dismissed the case with prejudice. In doing so, Judge Holcomb found Plaintiff to be a "serial litigant," that Plaintiff failed to disclose income from his settlements in his IFP application, and further concluded that Plaintiff likely "deliberately concealed his

prior settlement income in order to gain access to this Court without prepayment of filing fees." Dkt. No. 29.  On May 9, 2025, Plaintiff file a motion under FRCP Rule 60.  Dkt. No. 31.  The court has not yet ruled on the motion.  Attached herein as **Exhibit A** is a true and correct copy of Judge Holcomb's Order, Docket No. 29.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 5, 2025, at Los Angeles, California.

            */s/ Tuan Van Uong*
            Tuan Van Uong

Declaration of Tuan V. Uong in Support of Defendant's Motion to Dismiss

Exhibit A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY CASH JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and MONTEREY FINANCIAL SERVICES, LLC,<br><br>　　　　Defendants. | Case No. 8:25-cv-00165-JWH-ADSx<br><br>**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS [ECF No. 22]** |

Plaintiff Artis-Ray Cash, Jr. commenced this action against Defendants Experian Information Solutions, Inc. and Monterey Financial Services, LLC in January 2025.[1] Cash asserts two claims for relief against Defendants: (1) violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"); and (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*[2]

Cash, who appears *pro se*, also filed an application to proceed *in forma pauperis*, as well as a sworn statement regarding his available income.[3] Based upon the information that Cash provided, the Court granted his IFP Application.[4] In April 2025, however, Monterey moved to dismiss Cash's claims because Cash failed to disclose settlement income that Cash—who is a serial litigant—earned through prior FCRA cases.[5] Cash does not dispute that he earned income through prior settlements nor that he omitted that information from his IFP Application.[6] Cash also does not dispute that he has omitted that information from other applications that he has filed in this District.[7]

Pursuant to 28 U.S.C. § 1915(e)(2)(A), a court "shall dismiss" a case in which a request to proceed *in forma pauperis* was granted "if the court determines that . . . the allegation of poverty is untrue." Although the Ninth

---

[1] *See* Complaint [ECF No. 1].

[2] *See generally id.*

[3] *See* Request to Proceed *in Forma Pauperis* (the "IFP Application") [ECF No. 2].

[4] *See* Order on the IFP Application [ECF No. 7].

[5] *See* Defs.' Mot. to Dismiss (the "Motion") [ECF No. 22].

[6] *See* Pl.'s Opp'n to Motion (the "Opposition") [ECF No. 24].

[7] *See id.*; *see also* Decl. of Berj K. Paseghian in Supp. of the Motion [ECF No. 23] (listing cases).

Circuit has interpreted that statute to require a showing of bad faith, *see Esobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015), that requirement is satisfied by "deliberate concealment of income in order to gain access to a court without prepayment of filing fees," *Roberts v. Beard*, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019). Additionally, if the applicant "knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice." *Steshenko v. Gayrard*, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015).

In view of Cash's failure to contest that he earned settlement income from prior FCRA cases, the Court concludes that Cash's allegation of poverty was untrue. Additionally, in view of Cash's failure to explain why he omitted that information and of the various other applications in which Cash also omitted that information, the Court likewise concludes that Cash deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees. *See Roberts*, 2019 WL 3532183, at *3.

Accordingly, the Court hereby **ORDERS** as follows:

1. Monterey's instant Motion [ECF No. 22] is **GRANTED**.
2. This action is **DISMISSED with prejudice**.
3. The hearing on Monterey's Motion [ECF No. 22] and the Scheduling Conference are **VACATED**.
4. Judgment shall issue accordingly.

**IT IS SO ORDERED.**

Dated: May 6, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-3-