1  Artis-Ray: Cash, Jr.
2  453 South Spring Street
   Suite 400 PMB 1211
3  Los Angeles, CA 90013
   (831) 346-2562
4  artiscashjr@yahoo.com

   Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTIS-RAY: CASH, JR., | CASE NO.: 2:25−cv−01481−DMG−JDE |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| RADIUS GLOBAL SOLUTIONS, LLC, | |
| Defendant. | |

**TO THE HONORABLE COURT, DEFENDANT, AND COUNSEL OF RECORD:**

Plaintiff Artis-Ray: Cash Jr., appearing pro se, respectfully submits this Opposition to Defendant Radius Global Solutions LLC's Motion to Dismiss [ECF No. 14]. Defendant's motion should be denied because Plaintiff's in forma pauperis ("IFP") application was filed in good faith, based on accurate personal financial information, and without intent to mislead. Defendant fails to meet the legal threshold to justify dismissal under 28 U.S.C. § 1915(e)(2)(A).

**I. INTRODUCTION**

Defendant's Motion to Dismiss hinges entirely on the assertion that Plaintiff committed bad-faith misrepresentation in his IFP application. This claim is unfounded. Plaintiff properly disclosed his

1

personal income, using his 2023 tax return and contemporaneous bank records. Any settlements mentioned by Defendant:

1. **Were either paid to Plaintiff's business LLC, not as personal income;**

2. **Occurred outside the 12-month window prior to filing the IFP application on February 21, 2025;** or

3. **Were received after the case was filed and thus not reportable.**

As a pro se litigant and least sophisticated consumer, Plaintiff made an honest, good-faith effort to disclose all applicable financial information. No evidence supports the inference that Plaintiff acted in bad faith.

**II. LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(A), dismissal is only appropriate if "the allegation of poverty is untrue" **and made in bad faith**. See *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015). Courts emphasize that dismissal with prejudice is a harsh remedy and require proof of **intentional concealment or manipulation** of income to warrant such action.

**III. ARGUMENT**

**A. Plaintiff's IFP Application Was Accurate and Submitted in Good Faith**

At the time of filing his IFP application (February 21, 2025), Plaintiff relied on:

- His 2023 Form 1040 tax return;

- His personal bank records;

- A genuine understanding that **settlement payments made to an LLC** were not personal income;

- The belief that confidential, non-wage settlements were not required to be listed individually.

**B. No Intentional Misrepresentation**

- The **Vervent** settlement occurred on **February 4, 2025**, and was paid to Plaintiff's LLC —not to him personally.

- The **Maximus** settlement was received on **February 24, 2025**, after the IFP application was submitted.

- **Experian** and **Midland** settlements occurred **well before February 2024**, outside the 12-month lookback window.

None of these facts support an inference of deception. Any omission was at most a **misunderstanding**, not a scheme to defraud the Court.

**C. Plaintiff is a Least Sophisticated Consumer Acting Pro Se**

Courts recognize that pro se litigants and least sophisticated consumers may make errors or omissions without intent to deceive. Plaintiff has filed multiple cases asserting violations of the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA), both of which presume the perspective of the least sophisticated consumer. These statutes exist precisely because individuals like Plaintiff are expected to lack legal or financial sophistication.

**D. Dismissal with Prejudice is Unwarranted and Disproportionate**

Even in cases of IFP errors, courts routinely grant leave to amend or allow the plaintiff to pay the filing fee. See *Roberts v. Beard*, No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3–4 (S.D. Cal. Aug. 2, 2019). Plaintiff is willing to pay the $402 filing fee if the Court so orders.

**IV. CONCLUSION**

Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss. The IFP application was submitted in good faith with no intent to mislead. Dismissal is not warranted under the applicable law.

**Respectfully submitted,**

**Dated:** June 26, 2025

**By: /s/ Artis-Ray Cash Jr**

Artis-Ray: Cash Jr.

Plaintiff, In Pro Per

**PROOF OF SERVICE**

I, Artis-Ray Cash, Jr., am the Plaintiff in this action and am over the age of 18. On June 27, 2025, I served the following documents:

- PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
- DECLARATION OF ARTIS-RAY: CASH JR.
- [PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO DISMISS

on the following counsel for Defendant via email, pursuant to Fed. R. Civ. P. 5(b)(2)(E):

**Tuan N. Phan, Esq.**

Greenspoon Marder LLP

tuan.phan@gmlaw.com

Attorney for Defendant Radius Global Solutions LLC

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 27, 2025 at Los Angeles, CA

**Artis-Ray: Cash Jr.**

Pro Se Plaintiff