James K. Schultz, Esq. (SBN 309945)
Tuan Van Uong, Esq. (SBN 272447)
SESSIONS ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle North, Suite 260
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   877/334-0661
jschultz@sessions.legal
tuong@sessions.legal

Attorneys for Defendant
Radius Global Solutions, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY CASH, JR., | Case No.: 2:25-cv-01481-DMG-JDE |
| Plaintiff, | **DEFENDANT RADIUS GLOBAL SOLUTTIONS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(A)** |
| vs. | |
| RADIUS GLOBAL SOLUTIONS, LLC, | |
| Defendant. | **Date: August 15, 2025**<br>**Time: 9:30 a.m.**<br>**Courtroom: 8C, 8th Floor** |

### I. Introduction & Argument

Since the filing of this present motion by Defendant Radius Global Solutions, LLC ("RGS"), another federal court from this district has dismissed Plaintiff Artis-Ray Cash, Jr.'s ("Plaintiff") lawsuit on the same grounds. On June 17, 2025, Judge Wesley L. Hsu, found Plaintiff to have made "repeated concealment of income in prior IFP applications" and that Plaintiff's "allegation of poverty was untrue and made in bad faith." *See Artis-Ray Cash Jr. v. Diverse Funding Associates*, United States District Court, Central District of California, Case No. 2:24-cv-10354-WLH-SHK, Dkt. No. 26. As such, Judge Hsu dismissed Plaintiff's lawsuit with prejudice. *Id.* The Court should not hesitate to do the same here.

In fact, Plaintiff's Opposition confirms that this case should be dismissed because Plaintiff was intentionally untruthful in his IFP application. Plaintiff does not dispute that he received prior settlement proceeds which he failed to disclose, or that he has filed over twenty cases in this district alone. Instead, Plaintiff attempts to proffer excuses for his deceitful conduct, none of which passes muster.

<u>First</u>, while acknowledging that Plaintiff did receive settlement payments, Plaintiff argues that the settlement in the *Cash v. Vervent, Inc.*, Case No. 24-cv-10359-DMG-BFM matter does not apply because the settlement was "paid to Plaintiff's business LLC, not as personal income." Opp., p. 3:8-9. Notwithstanding the fact that there is no evidence to support this contention, this fact underscores Plaintiff's deceitful conduct. The *Vervent* lawsuit was brought by Plaintiff, not his alleged "business LLC." The fact that Plaintiff intentionally and supposedly had the settlement payment made to his "business LLC" shows a clear intent to hide his settlement income arising from his personal lawsuit, to which he personally benefitted. Notably, this same argument was recently rejected by Judge Holcomb in Plaintiff's Rule 60 motion, which was denied. *Artist-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, United States District Court, Central District of California, Case No. 8:25-cv-00165-JWH-ADSx, Dkt. No. 40. Like in this case,

Judge John W. Holcomb correctly recognized that the IFP application also required Plaintiff to disclose income obtained from "[b]usiness, profession or form of self-employment," which Plaintiff untruthfully marked "No." Dkt. No. 2.

Second, Plaintiff argues that the *Cash v. Maximus, Inc.*, Case No. 24-cv-09094 settlement was "received" on February 24, 2025, after the IFP application before this Court was submitted on February 21, 2025, and therefore, he was not required to disclose it. Opp., 3:11-12. Plaintiff is wrong. Plaintiff reached settlement in the *Maximus* case on January 27, 2027 [Dkt. No. 15], so he knew the settlement funds would be forthcoming, like all of the other settlements he had previously received. There is no rule that allows Plaintiff to forego disclosure just because he had not yet "received" the funds. Plaintiff's attempt to play coy here should be rejected outright.

Third, Plaintiff argues that two referenced settlements in the matters of *Cash v. Midland Credit Management, Inc., et al.*, Case No. 23-cv-10126-HDV-SSC and *Artis-Ray Cash v. Experian Information Solutions*, Inc., Case No. 2:23-cv-06688-FMO-JC, fell outside of the twelve-month disclosure window. Plaintiff misses the point. Those cases were included to show Plaintiff's *modus operandi* when it came to deceiving courts about his IFP applications, and the fact that Plaintiff's poverty claim is likely untrue in light of these prior settlements. Moreover, using Plaintiff's own logic, Plaintiff does not state whether he "received" the settlement incomes from these two settlements before or after he filed the IFP application in this case.

Turn after turn, the Opposition makes clear that Plaintiff is not only a sophisticated serial litigant but also shows that Plaintiff is strategic in his attempts to deceive the judicial system with his IFP applications. In fact, now caught in the act, Plaintiff states that he "is willing to pay the $402 filing fee if the Court so orders." Opp., p. 4:5. This is a tacit admission that Plaintiff lied on his IFP application to this Court when he represented, under penalty of perjury, that "because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress." Dkt. No 2.

Two separate federal judges within this district have dismissed Plaintiff's lawsuits with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). In addition to the dismissal by Judge Hsu (*supra*), Judge Holcomb also granted the same motion that is being brought now before this Court by RGS, in the matter of *Artist-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, United States District Court, Central District of California, Case No. 8:25-cv-00165-JWH-ADSx. There, Judge Holcomb found Plaintiff to be a "serial litigant," that Plaintiff failed to disclose income from his settlements in his IFP application, and further concluded that Plaintiff "deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees." *Id.*, at Dkt. No. 29. Since the filing of RGS' opening papers, Plaintiff also filed a Rule 60 motion, which was denied by Judge Holcomb on July 7, 2025. Dkt. No. 40. In doing so, Judge Holcomb reaffirmed that Plaintiff is a "serial litigant," and like in this case, noted that Plaintiff "did not dispute that he earned income through prior settlements nor that he omitted information from his IFP Application." *Id.*

At bottom, there is no question that Plaintiff's representations about his IFP application were untrue and made in bad faith. Enough is enough. The *in forma pauperis* statute requires dismissal of a case "at any time if the court determines that . . . the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A); *see also Roberts v. Beard,* No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019) (rejecting the plaintiff's claim that omission of a settlement was an oversight based on the plaintiff's extensive litigation history and familiarity with the IFP process). Therefore, the Court should dismiss this matter with prejudice to deter future misrepresentations by the Plaintiff.[1]

---

[1] On or about July 23, 2025, Plaintiff served and filed a "Notice of Supplemental Authority in Opposition to Motion to Dismiss." As a threshold matter, the Court should strike the filing because the Court did not permit any additional filing by the Plaintiff. To the extent the Court considers Plaintiff's improper filing, the filing

## II. Conclusion

Accordingly, the Court should grant RGS' Motion to Dismiss and dismiss this matter with prejudice.

Dated: 7/28/2025                    SESSIONS, ISRAEL & SHARTLE, L.L.P.

*/s/ Tuan Van Uong*
Tuan Van Uong
Attorney for Defendant
Radius Global Solutions, LLC

---

misses the mark to the extent Plaintiff is attempting to argue the underlying pleading standards to his alleged claims for relief in the Complaint, which is not the issue in the present motion by RGS.  However, RGS does acknowledge that Plaintiff refers to a Minute Order by Judge Anne Hwang in the matter of *Artis-Ray Cash Jr. v. Credit Control, LLC et al.*, United States District Court, Central District of California, Case No. 2:24-cv-08447-AH-(Ex), wherein Judge Hwang declined to revoke Plaintiff's IFP status.  Dkt. No. 53.  However, RGS respectfully submits that Judge Hwang's ruling did not consider Plaintiff's status as a serial litigant.  Moreover, unlike in *Credit Control, LLC*, Plaintiff does not dispute in this case that he received settlement income from prior lawsuits and failed to disclose them.  Instead, Plaintiff proffered unpersuasive excuses why he omitted the settlement income, which as discussed herein, should be rejected.  Judge Holcomb also noted that Plaintiff provided inconsistent income information in the *Credit Control, LLC* case. *Artist-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, Case No. 8:25-cv-00165-JWH-ADSx, Dkt. No. 40.  Therefore, the Court should instead join the findings by Judge Holcomb and Judge Hsu and dismiss Plaintiff's lawsuit with prejudice.

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent via U.S. Mail on the following:

Artis-Ray Cash
453 South Spring Street, Suite 400
PMB 1211
Los Angeles CA 90013

Dated: 7/28/2025                    SESSIONS, ISRAEL & SHARTLE, L.L.P.

                                                */s/Tuan Van Uong*
                                                Tuan Van Uong