Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ARTIS-RAY: CASH, JR., | CASE NO.: 2:25-cv-01481-DMG-JDE |
|---|---|
| Plaintiff, | |
| vs. | |
| RADIUS GLOBAL SOLUTIONS, LLC, | **NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION TO DISMISS** |
| Defendant. | |

**TO THE HONORABLE COURT AND ALL PARTIES OF INTEREST:**

Plaintiff **Artis-Ray: Cash Jr.** (pro se), hereby submits this **Notice of Supplemental Authority** pursuant to Local Rule 7-10, in opposition to Defendant's pending Motion to Dismiss. The attached ruling in Artis-Ray: Cash Jr. v. Credit Control, LLC (Case No. 2:24-cv-08447-AH-(Ex)) (C.D. Cal. June 12, 2025) (Exhibit A) directly supports Plaintiff's opposition arguments.

**I. RELEVANCE OF SUPPLEMENTAL AUTHORITY**

The Court's Order in Credit Control (attached) denied dismissal of **identical claims** under the FCRA and CCRAA, holding that:

1. **Pleading Standard Met**: Allegations that Plaintiff had **no debt, account, or authorization** for a credit inquiry—mirroring those in the instant case—are sufficient to state a claim under Nayab v. Capital One, 942 F.3d 480 (9th Cir. 2019). See Credit Control Order at 5–6.

2. **Permissible Purpose**: A debt collector's access to credit reports is unlawful where, as alleged here and in Credit Control, there is **no underlying debt or business relationship**. Id. at 6 ("Plaintiff now alleges that there was no debt... [which] rules out authorized purposes").

## II. APPLICATION TO THIS CASE

Plaintiff's Complaint (like the TAC in Credit Control) alleges:

•Defendant accessed Plaintiff's credit report **without permissible purpose** (Compl. ¶¶ 7–9).

•**No debt or account** exists with Defendant or any creditor it represents (Id. ¶¶ 12–14).

•**No communication or collection efforts** preceded the inquiry (Id. ¶ 10).

Under Credit Control, these allegations **defeat dismissal** because they plausibly infer a violation of the FCRA/CCRAA.

## III. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

**1. Take judicial notice** of the Credit Control Order (Exhibit A).

**2. Deny Defendant's Motion to Dismiss**, as the authority confirms Plaintiff's claims are viable.

**Dated: July 23, 2025**

**Respectfully submitted,**

**/s/ Artis Ray Cash Jr**

**Artis-Ray: Cash Jr.**

**Plaintiff, Pro Se**

3

NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION TO DISMISS

## CERTIFICATION

**I, Artis-Ray: Cash Jr., declare:**

I am the Plaintiff in this case and am over the age of 18. On **July 23, 2025**, I served the following document:

- **NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION TO DISMISS**

by electronically sending a true and correct copy of the above document via **email** to the following recipient:

Tuan Van Uong

Sessions Israel and Shartle LLP

Email: tuong@sessions.legal

**By: /s/ Artis Ray Cash Jr**

**Artis-Ray: Cash Jr.,** Pro Se

**Date: July 23, 2025**

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08447-AH-(Ex) | Date | June 12, 2025 |
| Title | *Artis-Ray Cash Jr. v. Credit Control, LLC et al.* | | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings: **(IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 43) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (DKT. NO. 50)**

Before the Court is Defendant Credit Control, LLC's ("Credit Control") Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"). Plaintiff Artis-Ray Cash Jr. ("Plaintiff") opposes the Motion. Opp'n, Dkt. No. 46. The matter is fully briefed, and the Court heard oral argument on June 11, 2025. For the reasons set forth below, the Court DENIES Defendant's Motion.[1]

## I.    BACKGROUND

On or about September 3, 2024, Plaintiff alleges he reviewed his Experian credit report and discovered that Defendant had made a hard inquiry on or about August 8, 2024. TAC ¶ 7, Dkt. No. 42. Defendant is a debt collector. *Id.* ¶ 6. Plaintiff alleges that he never applied for credit, requested a service, or authorized any account or collection placement involving Defendant or any original creditor Defendant may represent. *Id.* ¶ 8. Plaintiff alleges that he confirmed through his

---

[1] Moreover, Plaintiff has filed a Motion for Leave to File Sur-Reply, which the Court DENIES. Dkt. No. 50.

own records, including bank statements, credit applications, and personal financial records from 2019 to 2025 that there is no account, contract, default, or financial relationship involving Defendant, or any creditor Defendant represents. *Id.* ¶ 13. Plaintiff alleges that there is no legitimate debt, account, or business relationship authorizing the access and that Defendant's inquiry was made without permissible purpose. *Id.* ¶ 14

Plaintiff filed this action on October 1, 2024. Dkt. No. 1. Plaintiff, who appears pro se, filed an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 3, which the Court granted. Dkt. No. 9. On October 30, 2024, Defendant filed a Motion to Dismiss. Dkt. No. 11. On November 12, 2024, Plaintiff filed his First Amended Complaint. Dkt. No. 15. Thereafter, on November 26, 2024, Defendant filed a Motion to Dismiss the First Amended Complaint. Dkt. No. 17. This Court subsequently granted Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC")on March 6, 2025 and outlined deficiencies that needed to be addressed by Plaintiff. Dkt. No. 35. On March 10, 2025, Plaintiff filed his SAC. Dkt. No. 36. Defendant then moved to dismiss the SAC, Dkt. No. 37, which the Court granted with leave to amend. Dkt. No. 41.

Plaintiff then filed his TAC on May 1, 2025, alleging causes of action against Defendant for: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*; and (2) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq. See generally* TAC. Defendant has filed this Motion to Dismiss the TAC. Mot. to Dismiss, Dkt. No. 43.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted). On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

### III. DISCUSSION

#### A. Request for Judicial Notice

The court may judicially notice facts that are not subject to reasonable dispute because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Schulze v. F.B.I.*, 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010) (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)). "While the court cannot accept the veracity of the representations made in the documents, it may properly take judicial notice of the existence of those documents and of the representations having been made therein." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 984 (E.D. Cal. 2012) (internal quotation marks and citation omitted).

The Court takes judicial notice of Exhibits A and B of the Paul Barkes ("Barkes") Declaration. Barkes Decl. Exs. A and B, Dkt. No. 44. Exhibit A is an order from a Telephonic Settlement Conference, dated January 26, 2024, in a previous case Plaintiff was involved with, while Exhibit B is a Notice of Settlement, dated July 22, 2024, from another previous case Plaintiff was involved with. *See id.* Given that these are court documents, the facts sought to be noticed regarding these records can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court declines to judicially notice any of the other exhibits as part of Defendant's Motion to Dismiss or Reply, as they are not necessary to the resolution of the Motion. *Walsh v. SL One Glob., Inc.*, 2022 WL 3327445, at *2 n.2 (E.D. Cal. Aug. 11, 2022).

B.  **The Court Declines to Dismiss the Case on the Basis That Plaintiff Allegedly Concealed Settlements in His IFP Application**

Under 28 U.S.C. § 1915(e)(2)(A), a court "shall dismiss" a case in which a request to proceed IFP was granted "if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). "To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015).

Defendant argues that Plaintiff's TAC should be dismissed because Plaintiff concealed two settlements from the Court in his IFP application and that it was done in bad faith. Mot. to Dismiss at 5–8. Defendant relies on Exhibits A and B of the Barkes Declaration to support its position.

In his IFP application, Plaintiff marked "No" as to whether he had a form of income within the last twelve months of when he filled out his IFP application, which was October 1, 2024. Dkt. No. 3. First, Exhibits A and B of the Barkes Declaration do not indicate that a final settlement was necessarily reached, nor do they indicate a dollar amount that Plaintiff received. As stated above, Exhibit A is an order from a Telephonic Settlement Conference, while Exhibit B is a Notice of Settlement. It is also not clear when exactly Plaintiff received any amount of money from the settlement, if any, as it could have been after the submission of his IFP application.

Moreover, even if there was some amount of money received at the time of the submission of the application, there is insufficient evidence that Plaintiff had the means to pay any fees at the time of his IFP application. It is entirely possible that the amount of money Plaintiff received, if any, in the settlements was negligible such that it would not have affected his ability to pay the fees. *See, e.g., Hammler v. Alvarez*, 2019 WL 549627, at *2 (S.D. Cal. Feb. 12, 2019) (declining to recommend a revocation of Plaintiff's IFP status when recent settlement checks had been issued to him in the months prior to the filing of the IFP application because the plaintiff still did not have the means to pay any fees despite the settlements).

Accordingly, the Court declines to dismiss Plaintiff's TAC or revoke Plaintiff's IFP status since there is insufficient evidence that Plaintiff concealed an

amount of money received from a settlement at the time he filed his IFP application or that he otherwise had the means to pay any fees.[2]

C. **Plaintiff Now Sufficiently Alleges His Causes of Action**

Under the FCRA, "a consumer-plaintiff need allege only that [his] credit report was obtained for a purpose not authorized by the statute to survive a motion to dismiss; the defendant has the burden of pleading it obtained the report for an authorized purpose." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 487 (9th Cir. 2019). "A plaintiff need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1) to meet their burden of pleading." *Id.* at 493 (citation omitted). § 1681b sets forth the permissible purposes for obtaining credit information. *See* 15 U.S.C. § 1681b.

"In general, the CCRAA 'mirrors' the FCRA, such that a CCRAA claim survives only to the extent that a FCRA claim survives." *Armstrong v. Voss & Klein, LLC*, 2024 WL 1484098, at *2 (E.D. Cal. Apr. 4, 2024) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1335 (9th Cir. 1995); *Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1, 12 (2003)).

Here, Plaintiff now sufficiently alleges facts giving rise to a reasonable inference that Defendant obtained his credit report for an unauthorized purpose. Plaintiff alleges that there is no legitimate debt or account authorizing Defendant to access Plaintiff's Experian credit report. TAC ¶¶ 7, 14. Plaintiff also alleges that there is no business relationship, financial relationship, account, contract, or default with Defendant or any creditor it represents. *Id.* ¶¶ 13, 14. Moreover, Plaintiff alleges that he never applied for credit, requested a service, or authorized any account or collection placement involving Defendant or any creditor it may represent. *Id.* ¶ 8. Plaintiff also alleges that he never received a collection letter, phone call, or any communication identifying any account, amount owed, or origin of debt from Defendant. *Id.* ¶ 9.

---

[2] The Court declines to consider Plaintiff's arguments brought up in his Sur-Reply and denies the Motion for Leave to File Sur-Reply. *See* Dkt. Nos. 50, 51. Similarly, the Court declines to consider evidence submitted for the first time in Reply, Dkt. No. 48, and therefore denies the second request for judicial notice. *See Chavez v. AmeriGas Propane, Inc.*, 2015 WL 12859721, at *26 n.152 (C.D. Cal. Feb. 11, 2015).

Defendant argues that Plaintiff's TAC fails to state a claim because Defendant is a debt collector and that Plaintiff's debt was placed with Defendant, which used Plaintiff's credit information to collect on Plaintiff's debt. Mot. to Dismiss at 13. However, Plaintiff has now sufficiently alleged factual allegations that, when taken as true, rule out many of the potential authorized purposes for obtaining a credit report. *See Nayab*, 942 F.3d at 496–97. Specifically, Plaintiff now alleges that there was no debt,[3] TAC ¶ 14, the implication being that there was no legitimate purpose for a debt collector to access the credit report in order to collect on a debt.[4] This is more than a bare conclusion regarding the lack of permissible purpose, which is sufficient to state a plausible claim for relief. *See Nayab*, 942 F.3d at 947. These allegations taken together state a plausible claim for relief under the FCRA, and by extension, the CCRAA.

Accordingly, Defendant's Motion to Dismiss Plaintiff's TAC is denied. *See id.* at 499 ("By alleging facts giving rise to a reasonable inference that [the defendant] obtained her credit report for a purpose not authorized by statute, [the plaintiff] has asserted a plausible claim for relief under the FCRA").

---

[3] Defendant suggests that Plaintiff has been untruthful here as well, citing to Federal Rule of Civil Procedure 11. Motion to Dismiss at 9. Although the Court has accepted Plaintiff's representations for purposes of this current Motion to Dismiss based on both the IFP representations and the failure to state a claim, the Court cautions Plaintiff that the Court takes seriously each party's obligations under Rule 11, including to ensure that factual contentions have evidentiary support, regardless of whether the party is represented or not. However, no motion for sanctions has been brought pursuant to Rule 11, and the Defendant has not otherwise provided a sufficient basis to dismiss based on a suggestion that the allegations in the TAC are untruthful at this time.

[4] In Plaintiff's Opposition, he again argues that the complaint alleges that "Plaintiff had no debt or account *with Defendant*[.]" Opp'n at 2 (emphasis added). As the Court previously explained, this allegation is insufficient, because the debt does not need to have been with Defendant in order for Defendant, a debt collector, to have had a permissible purpose to collect on a debt. Nonetheless, the TAC more broadly alleges that "there is no legitimate debt, account, or business relationship authorizing the access, and that Defendant's inquiry was made without a permissible purpose." TAC ¶ 14 (emphasis omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the TAC is DENIED.  Defendant shall file and serve an answer within **fourteen (14)** days.

**IT IS SO ORDERED.**