Artis-Ray: Cash Jr.
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

Artis-Ray: Cash Jr., IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr.,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Radius Global Solutions, LLC,<br>　　　　　Defendant. | Case No. 2:25-cv-01481-DMG-JDE<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

**TO THE HONORABLE COURT AND ALL PARTIES OF INTEREST:**

　　Plaintiff **Artis-Ray: Cash Jr.** (pro se), respectfully submits this Supplemental Brief to address new arguments raised in Defendant's Reply (Dkt. No. 19) and to further oppose Defendant's Motion to Dismiss.

**I. INTRODUCTION**

　　Defendant's Reply attempts to divert attention from the controlling precedent set in Artis-Ray: Cash Jr. v. Credit Control, LLC, Case No. 2:24-cv-08447-AH-(Ex) (C.D. Cal. June 12, 2025) (See Exhibit A), by citing unrelated cases and

1

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

mischaracterizing Plaintiff's financial disclosures. This Supplemental Brief clarifies:

**1. Judge Hwang's recent ruling in Credit Control is binding and directly applicable**—it upheld Plaintiff's IFP status under nearly identical circumstances.

**2. Defendant's new arguments about LLC settlements are improper and unsupported**—they were not raised in the original Motion to Dismiss and lack evidence.

**3. Plaintiff's claims under the FCRA/CCRAA are legally sufficient and unrelated to the IFP issue.**

## II. ARGUMENT

### A. Credit Control Controls and Distinguishes Defendant's Cited Cases

Defendant relies on Diverse Funding and Experian (Dkt. No. 19 at 2–4), but these cases are irrelevant for three reasons:

**1. Different Judges, Different Facts**:

- Judge Hwang in Credit Control explicitly found **no bad faith** in Plaintiff's IFP application despite prior settlements. See Exhibit A at 4–5 ("[T]here is insufficient evidence that Plaintiff concealed an amount of money received from a settlement").

- The cases Defendant cites involved **different settlements** or **clearer**

**concealment**—neither of which applies here.

**2. Procedural Posture**:

- Credit Control addresses the **same Plaintiff, same claims, and same district**. It is thus more persuasive than older, factually distinct cases.

**3. Judicial Consistency**:

- This Court should follow Credit Control to avoid inconsistent rulings on identical issues.

## B. Defendant's New Arguments About LLC Settlements Are Improper and Baseless

Defendant's Reply introduces new allegations about Plaintiff's LLC (Dkt. No. 19 at 2–3), violating Local Rule 7-10 (no new arguments in replies). Even if considered, these claims fail because:

**1. No Evidence of Personal Benefit**:

- Defendant provides **no proof** that Plaintiff personally received LLC settlement funds. Income to an LLC is **not personal income** unless disbursed to the member.

**2. IFP Application Was Accurate**:

- Plaintiff disclosed all required personal income. The form did not require reporting

3

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LLC income unless personally received. See 28 U.S.C. § 1915(a)(1) (focusing on "assets" and "financial ability").

### 3. Defendant's Failure:

- If Defendant believed Plaintiff's IFP status was fraudulent, it should have raised this in its **original motion**—not a reply.

## C. Plaintiff's FCRA/CCRAA Claims Are Plausible and Unrelated to IFP

Defendant's Motion conflates IFP issues with the merits of Plaintiff's claims. As Credit Control held:

- Allegations of **no debt** and **no permissible purpose** for a credit inquiry suffice to state FCRA/CCRAA claims. See Exhibit A at 5–6.
- Whether Plaintiff paid the filing fee has **no bearing** on whether Defendant violated the law.

## III. DEFENDANT'S MISDIRECTION

### A. Pro Se Status and "Least Sophisticated Consumer" Standard

Plaintiff, as a pro se litigant, is entitled to reasonable leniency in interpreting court procedures. More critically, the FCRA and CCRAA protect the 'least sophisticated consumer' from unauthorized credit inquiries—a standard that mirrors Plaintiff's position. Defendant's attempt to paint Plaintiff's IFP application as fraudulent ignores both Ninth Circuit precedent **(Escobedo\*, 787 F.3d at 1234)** and

the consumer-protective spirit of laws like the FCRA. See **Nayab, 942 F.3d at 487 (FCRA requires only plausible allegations of unauthorized access)**.

Defendant's hyperbolic accusations of 'fraud' are unsupported and inappropriate. Plaintiff's IFP application reflected a good-faith misunderstanding of LLC income reporting—not deceit. Courts routinely distinguish between innocent errors and bad faith. See **Escobedo v. Applebees**, **787 F.3d 1226, 1234 (9th Cir. 2015)** ('To dismiss under § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy'). Defendant offers no evidence of intent to deceive, only speculation.

**2. Defense Counsel's Procedural Misdirection**

Defendant's Reply conspicuously avoids addressing the merits of Plaintiff's FCRA claims—instead dwelling on peripheral issues like IFP status. This Court should reject such tactics. See Credit Control Order at 6 (denying dismissal where Defendant similarly 'argue[d] about Plaintiff's truthfulness' rather than disputing the lack of permissible purpose). Defendant's conduct—pulling Plaintiff's credit without cause—is the true 'egregious' act at issue here.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

**1. Deny Defendant's Motion to Dismiss in full.**

**2. Disregard new arguments in Defendant's Reply that violate Local Rule 7-10.**

**3. Take judicial notice of Credit Control (Exhibit A).**

The Court should deny dismissal and hold Defendant to its burden: either prove a permissible purpose for its credit inquiry or face liability under the FCRA.

Dated: August 4, 2025

Respectfully submitted,

**/s/ Artis Ray Cash Jr**

Artis-Ray: Cash Jr.

Plaintiff in Pro Per

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18.

On August 4, 2025, I served the following document:

- PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

- EXHIBIT A – CREDIT CONTROL RULING

On the following interested parties in this action described as follows:

Tuan Van Uong

Sessions Israel and Shartle LLP

1550 Hotel Circle North Suite 260

San Diego, CA 91208-3426

tuong@sessions.legal

Attorneys for Defendant

By transmitting a true copy thereof via email to the persons at the email addresses listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on August 4, 2025, in Los Angeles, California.

By: **/s/ Artis Ray Cash Jr**

7

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1． Artis-Ray: Cash Jr.

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08447-AH-(Ex) | Date | June 12, 2025 |
| Title | *Artis-Ray Cash Jr. v. Credit Control, LLC et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 43) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (DKT. NO. 50)

Before the Court is Defendant Credit Control, LLC's ("Credit Control") Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"). Plaintiff Artis-Ray Cash Jr. ("Plaintiff") opposes the Motion. Opp'n, Dkt. No. 46. The matter is fully briefed, and the Court heard oral argument on June 11, 2025. For the reasons set forth below, the Court DENIES Defendant's Motion.[1]

## I. BACKGROUND

On or about September 3, 2024, Plaintiff alleges he reviewed his Experian credit report and discovered that Defendant had made a hard inquiry on or about August 8, 2024. TAC ¶ 7, Dkt. No. 42. Defendant is a debt collector. *Id.* ¶ 6. Plaintiff alleges that he never applied for credit, requested a service, or authorized any account or collection placement involving Defendant or any original creditor Defendant may represent. *Id.* ¶ 8. Plaintiff alleges that he confirmed through his

---

[1] Moreover, Plaintiff has filed a Motion for Leave to File Sur-Reply, which the Court DENIES. Dkt. No. 50.

own records, including bank statements, credit applications, and personal financial records from 2019 to 2025 that there is no account, contract, default, or financial relationship involving Defendant, or any creditor Defendant represents. *Id.* ¶ 13. Plaintiff alleges that there is no legitimate debt, account, or business relationship authorizing the access and that Defendant's inquiry was made without permissible purpose. *Id.* ¶ 14

Plaintiff filed this action on October 1, 2024. Dkt. No. 1. Plaintiff, who appears pro se, filed an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 3, which the Court granted. Dkt. No. 9. On October 30, 2024, Defendant filed a Motion to Dismiss. Dkt. No. 11. On November 12, 2024, Plaintiff filed his First Amended Complaint. Dkt. No. 15. Thereafter, on November 26, 2024, Defendant filed a Motion to Dismiss the First Amended Complaint. Dkt. No. 17. This Court subsequently granted Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC")on March 6, 2025 and outlined deficiencies that needed to be addressed by Plaintiff. Dkt. No. 35. On March 10, 2025, Plaintiff filed his SAC. Dkt. No. 36. Defendant then moved to dismiss the SAC, Dkt. No. 37, which the Court granted with leave to amend. Dkt. No. 41.

Plaintiff then filed his TAC on May 1, 2025, alleging causes of action against Defendant for: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*; and (2) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq. See generally* TAC. Defendant has filed this Motion to Dismiss the TAC. Mot. to Dismiss, Dkt. No. 43.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted). On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

### III. DISCUSSION

#### A. Request for Judicial Notice

The court may judicially notice facts that are not subject to reasonable dispute because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Schulze v. F.B.I.*, 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010) (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)). "While the court cannot accept the veracity of the representations made in the documents, it may properly take judicial notice of the existence of those documents and of the representations having been made therein." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 984 (E.D. Cal. 2012) (internal quotation marks and citation omitted).

The Court takes judicial notice of Exhibits A and B of the Paul Barkes ("Barkes") Declaration. Barkes Decl. Exs. A and B, Dkt. No. 44. Exhibit A is an order from a Telephonic Settlement Conference, dated January 26, 2024, in a previous case Plaintiff was involved with, while Exhibit B is a Notice of Settlement, dated July 22, 2024, from another previous case Plaintiff was involved with. *See id.* Given that these are court documents, the facts sought to be noticed regarding these records can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court declines to judicially notice any of the other exhibits as part of Defendant's Motion to Dismiss or Reply, as they are not necessary to the resolution of the Motion. *Walsh v. SL One Glob., Inc.*, 2022 WL 3327445, at *2 n.2 (E.D. Cal. Aug. 11, 2022).

### B. The Court Declines to Dismiss the Case on the Basis That Plaintiff Allegedly Concealed Settlements in His IFP Application

Under 28 U.S.C. § 1915(e)(2)(A), a court "shall dismiss" a case in which a request to proceed IFP was granted "if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). "To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015).

Defendant argues that Plaintiff's TAC should be dismissed because Plaintiff concealed two settlements from the Court in his IFP application and that it was done in bad faith. Mot. to Dismiss at 5–8. Defendant relies on Exhibits A and B of the Barkes Declaration to support its position.

In his IFP application, Plaintiff marked "No" as to whether he had a form of income within the last twelve months of when he filled out his IFP application, which was October 1, 2024. Dkt. No. 3. First, Exhibits A and B of the Barkes Declaration do not indicate that a final settlement was necessarily reached, nor do they indicate a dollar amount that Plaintiff received. As stated above, Exhibit A is an order from a Telephonic Settlement Conference, while Exhibit B is a Notice of Settlement. It is also not clear when exactly Plaintiff received any amount of money from the settlement, if any, as it could have been after the submission of his IFP application.

Moreover, even if there was some amount of money received at the time of the submission of the application, there is insufficient evidence that Plaintiff had the means to pay any fees at the time of his IFP application. It is entirely possible that the amount of money Plaintiff received, if any, in the settlements was negligible such that it would not have affected his ability to pay the fees. *See, e.g., Hammler v. Alvarez*, 2019 WL 549627, at *2 (S.D. Cal. Feb. 12, 2019) (declining to recommend a revocation of Plaintiff's IFP status when recent settlement checks had been issued to him in the months prior to the filing of the IFP application because the plaintiff still did not have the means to pay any fees despite the settlements).

Accordingly, the Court declines to dismiss Plaintiff's TAC or revoke Plaintiff's IFP status since there is insufficient evidence that Plaintiff concealed an

amount of money received from a settlement at the time he filed his IFP application or that he otherwise had the means to pay any fees.[2]

### C. Plaintiff Now Sufficiently Alleges His Causes of Action

Under the FCRA, "a consumer-plaintiff need allege only that [his] credit report was obtained for a purpose not authorized by the statute to survive a motion to dismiss; the defendant has the burden of pleading it obtained the report for an authorized purpose." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 487 (9th Cir. 2019). "A plaintiff need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1) to meet their burden of pleading." *Id.* at 493 (citation omitted). § 1681b sets forth the permissible purposes for obtaining credit information. *See* 15 U.S.C. § 1681b.

"In general, the CCRAA 'mirrors' the FCRA, such that a CCRAA claim survives only to the extent that a FCRA claim survives." *Armstrong v. Voss & Klein, LLC*, 2024 WL 1484098, at *2 (E.D. Cal. Apr. 4, 2024) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1335 (9th Cir. 1995); *Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1, 12 (2003)).

Here, Plaintiff now sufficiently alleges facts giving rise to a reasonable inference that Defendant obtained his credit report for an unauthorized purpose. Plaintiff alleges that there is no legitimate debt or account authorizing Defendant to access Plaintiff's Experian credit report. TAC ¶¶ 7, 14. Plaintiff also alleges that there is no business relationship, financial relationship, account, contract, or default with Defendant or any creditor it represents. *Id.* ¶¶ 13, 14. Moreover, Plaintiff alleges that he never applied for credit, requested a service, or authorized any account or collection placement involving Defendant or any creditor it may represent. *Id.* ¶ 8. Plaintiff also alleges that he never received a collection letter, phone call, or any communication identifying any account, amount owed, or origin of debt from Defendant. *Id.* ¶ 9.

---

[2] The Court declines to consider Plaintiff's arguments brought up in his Sur-Reply and denies the Motion for Leave to File Sur-Reply. *See* Dkt. Nos. 50, 51. Similarly, the Court declines to consider evidence submitted for the first time in Reply, Dkt. No. 48, and therefore denies the second request for judicial notice. *See Chavez v. AmeriGas Propane, Inc.*, 2015 WL 12859721, at *26 n.152 (C.D. Cal. Feb. 11, 2015).

Defendant argues that Plaintiff's TAC fails to state a claim because Defendant is a debt collector and that Plaintiff's debt was placed with Defendant, which used Plaintiff's credit information to collect on Plaintiff's debt. Mot. to Dismiss at 13. However, Plaintiff has now sufficiently alleged factual allegations that, when taken as true, rule out many of the potential authorized purposes for obtaining a credit report. *See Nayab*, 942 F.3d at 496–97. Specifically, Plaintiff now alleges that there was no debt,[3] TAC ¶ 14, the implication being that there was no legitimate purpose for a debt collector to access the credit report in order to collect on a debt.[4] This is more than a bare conclusion regarding the lack of permissible purpose, which is sufficient to state a plausible claim for relief. *See Nayab*, 942 F.3d at 947. These allegations taken together state a plausible claim for relief under the FCRA, and by extension, the CCRAA.

Accordingly, Defendant's Motion to Dismiss Plaintiff's TAC is denied. *See id.* at 499 ("By alleging facts giving rise to a reasonable inference that [the defendant] obtained her credit report for a purpose not authorized by statute, [the plaintiff] has asserted a plausible claim for relief under the FCRA").

---

[3] Defendant suggests that Plaintiff has been untruthful here as well, citing to Federal Rule of Civil Procedure 11. Motion to Dismiss at 9. Although the Court has accepted Plaintiff's representations for purposes of this current Motion to Dismiss based on both the IFP representations and the failure to state a claim, the Court cautions Plaintiff that the Court takes seriously each party's obligations under Rule 11, including to ensure that factual contentions have evidentiary support, regardless of whether the party is represented or not. However, no motion for sanctions has been brought pursuant to Rule 11, and the Defendant has not otherwise provided a sufficient basis to dismiss based on a suggestion that the allegations in the TAC are untruthful at this time.

[4] In Plaintiff's Opposition, he again argues that the complaint alleges that "Plaintiff had no debt or account *with Defendant*[.]" Opp'n at 2 (emphasis added). As the Court previously explained, this allegation is insufficient, because the debt does not need to have been with Defendant in order for Defendant, a debt collector, to have had a permissible purpose to collect on a debt. Nonetheless, the TAC more broadly alleges that "there is no legitimate debt, account, or business relationship authorizing the access, and that Defendant's inquiry was made without a permissible purpose." TAC ¶ 14 (emphasis omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the TAC is DENIED. Defendant shall file and serve an answer within **fourteen (14)** days.

**IT IS SO ORDERED.**