UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-1481-DMG (JDEx) | Date | August 12, 2025 |
| Title | *Artis-Ray Cash, Jr. v. Radius Global Solutions, LLC* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915(e) [14], VACATING HEARING ON MOTION TO DISMISS, AND STRIKING SUPPLEMENTAL BRIEF [21]**

Plaintiff Artis-Ray Cash, Jr., proceeding *pro se* (self-represented), filed a complaint against Defendant Radius Global Solutions, LLC, on February 21, 2025, for allegedly accessing his credit report without authorization, in violation of state and federal law. Compl. [Doc. # 1]. The same day Cash filed his complaint, the Court granted his concurrently filed request to proceed *in forma pauperis* ("IFP"), so that the $405 filing fee for this civil action was waived. [Doc. # 7.]

Radius now moves to dismiss the action pursuant to 28 U.S.C. § 1915(e), on the basis that Cash misrepresented his financial position on his IFP application. MTD [Doc. # 14]. For the reasons set forth in this Order, the Court **GRANTS** the MTD.

## I.
## DISCUSSION

Cash's IFP application, dated February 21, 2025, is signed under penalty of perjury. In that application, he attests that because of his poverty he requires a waiver of the filing fee. [Doc. # 2 at 1.[1]] He denies that he received any money or income in the past twelve months in response to the second question on the form. *Id.* On the basis of this information, the Court granted his IFP application. Radius now asserts that Cash failed to disclose funds from settlements that he received in other litigation within the 12 months preceding his application. MTD at 5.

The Court takes judicial notice of Cash's litigation history in this District. *See* Fed. R. Evid. 201(b); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Cash is a serial litigant, with 22 cases filed since November 2019. In the 12 months preceding February 21, 2025, Cash had multiple cases pending in the District, including the following cases that settled:

---

[1] Citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-1481-DMG (JDEx)** | Date | August 12, 2025 |
|---|---|---|---|
| Title | ***Artis-Ray Cash, Jr. v. Radius Global Solutions, LLC*** | Page | 2 of 4 |

- *Artis-Ray Cash, Jr. v. Vervent, Inc.*, CV 24-10359-DMG (BFMx), complaint filed December 2, 2024 and joint stipulation to dismiss filed February 5, 2025;
- *Artis-Ray Cash, Jr. v. Maximus, INC.*, CV 24-9094-RGK (ASx), complaint filed October 22, 2024 and joint stipulation to dismiss filed January 30, 2025; and
- *Artis-Ray Cash, Jr. v. Midland Credit Management, Inc., et al.*, CV 23-10126-HDV (SSCx), complaint filed December 1, 2023 and stipulation to dismiss filed September 18, 2024.

Cash does not deny that his lawsuits have resulted in cash settlements. *See* Decl. of Artis-Ray Cash, Jr. [Doc. # 18]. He asserts instead that the payments were made to his LLC, not to him personally, occurred more than 12 months before the February 21, 2024 IFP form at issue in this action, or in the case of the *Maximus* settlement, resulted in funds that he did not receive until after he submitted the IFP application in this case. *Id.*; *see also* Opp. at 3 [Doc. # 17].

As for the first reason, the IFP application form inquires not only about money paid directly to Cash, but about income from "[b]usiness, profession or form of self-employment" and "[a]ny other income" not otherwise listed. IFP App. at 1. And the Court notes that in each case, Cash himself was the plaintiff, not his LLC. Settlement funds for Cash paid to his LLC should have been reported to the Court. The language of the form is clear.[2]

With regard to the second reason, the Court has referenced only settlements reached in the 12 months preceding the IFP application in this action. But it is also indicative of Cash's bad faith concealment that he does not deny receiving settlement funds in *Artis-Ray Cash v. Experian*, CV 23-6688-FMO (JCx), on or around February 13, 2024, which he did not disclose in subsequent IFP applications filed in this District within the year after. *See, e.g.*, Doc. # 3, *Cash v. Vervent*, CV 24-10359-DMG (BFMx) (Dec. 2, 2024 request to proceed IFP).

Regarding the third reason, even if Cash had not received the funds from *Maximus* when he completed the IFP application, that does not excuse his failure to report the funds from the prior two settlements noted above. Independently, the Court notes that Cash has been less than transparent about other income besides settlement proceeds when requesting to proceed IFP in this District. It was not until a court issued an order questioning the accuracy of Cash's IFP application in *Artis-Ray Cash, Jr. v. Caesars Entertainment, Inc.*, that Cash disclosed more than $5,000 in unemployment benefits he had received. Doc. ## 8, 9, CV 23-10570-JFW (PVCx) (Feb. 5 and 8, 2024). The Court observes that Cash had pending IFP applications that did not include his

---

[2] The Court notes that Cash does not appear to claim that the *Midland* settlement was paid to his LLC. *See* Opp. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-1481-DMG (JDEx)** | Date | August 12, 2025 |
| Title | *Artis-Ray Cash, Jr. v. Radius Global Solutions, LLC* | Page | 3 of 4 |

unemployment benefits in *Artis-Ray Cash v. LVNV Funding LLC, et al.*, CV 24-474-MRA (Ex) and *Artis-Ray Cash v. Phillips & Cohen Assocs. Ltd.*, CV 24-00012-HDV (MARx), yet did not update those IFP applications after he did so in response to Judge Walter's order in *Caesars*.

In light of the foregoing, the Court next considers the appropriate remedy for Cash's failure to disclose the settlement amounts. The IFP statute, 28 U.S.C. § 1915(e)(2)(A), states that the court "shall dismiss the case at any time if the court determines that" "the allegation of poverty is untrue." Dismissal on this basis requires a finding of bad faith. *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015). In an unpublished decision, the Ninth Circuit affirmed the decision to grant a motion to dismiss where a prisoner lied about receiving settlement money. *Martinez v. Baughman*, No. 22-16750, 2024 WL 1300001, at *1 (9th Cir. Mar. 27, 2024). The *Martinez* ruling notes a litigant's prior litigation experience can be considered and can imply that the litigant intended to conceal money to obtain IFP status. 2024 WL 1300001, at *2. Cash's history of litigation in this District, the clear language of the IFP application, and the other instances in which Cash failed to disclose income lead the Court to find he acted in bad faith when he failed to truthfully disclose his income in this action.[3]

The Court has discretion as to whether the dismissal shall be with or without prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000) (*en banc*). Given the behavior noted above, the Court dismisses this action with prejudice as a sanction for Cash's misstatement on the IFP application and to deter future such conduct.

## II.
## SUPPLEMENTAL OPPOSITION BRIEF

On August 4, 2024, Cash filed a supplemental opposition brief, which responds to arguments made in the reply brief. [Doc. # 21.] Such a brief is not allowed absent prior written order of the Court. L.R. 7-10; *see also* L.R. 83-2.2.3 ("Any person appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P."). Accordingly, the supplemental opposition brief is stricken.

---

[3] Cash submits as supplemental authority a ruling from another judge in this District who declined to dismiss a case under section 1915 for the concealment of the *Experian* and *Midland* settlements noted above. Doc. # 53, *Artis-Ray Cash, Jr. v. Credit Control, LLC, et al.*, CV 24-8447-AH (Ex) (June 12, 2025). That ruling (which is not binding on this Court) reasoned that it was unclear how much, if anything, Cash received. Respectfully, the Court declines to reach a similar conclusion here: it is Cash's burden to show he is eligible for IFP status. Here, he *admits* settlement funds were paid, but he has not disclosed the amount of those funds or claimed the funds were negligible and has instead relied on a patently frivolous argument that some of these settlements were paid to his business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-1481-DMG (JDEx) | Date | August 12, 2025 |
|---|---|---|---|
| Title | *Artis-Ray Cash, Jr. v. Radius Global Solutions, LLC* | Page | 4 of 4 |

### III.
### CONCLUSION

The Court **GRANTS** the MTD and dismisses this action with prejudice. The August 15, 2025 hearing on the MTD is **VACATED**. The supplemental opposition brief is **STRICKEN**.

**IT IS SO ORDERED**.